687 A.2d 343

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. GREGORY A. WASHINGTON, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted December 3, 1996—Decided January 23, 1997.

Before Judges MUIR, Jr., KLEINER and COBURN.

*Ronald A. Epstein,* Salem County Prosecutor, for appellant (*Gregory G. Waterston,* Assistant Prosecutor, on the brief).

*Mazzoni, Marcolongo & Hughes,* for. respondent (*Lee J. Hughes,* on the brief).

The opinion of the court was delivered by

MUIR, Jr., J.A.D.

The State appeals from an order suppressing two breathalyzer readings of .29 and .28 that resulted from samples given by defendant after his arrest for driving while under the influence of intoxicating beverages (DWI). *N.J.S.A.* 39:4–50.1. The appeal's focus is on whether the officer's stop of defendant's automobile was objectively reasonable based on his community caretaking function. The Municipal Court judge found the officer's testimony credible and denied the motion to suppress. On *de novo* appeal, a Superior Court judge, making the same fact findings and giving deference to the Municipal Court judge's credibility rulings, granted the motion to suppress. The Superior Court judge concluded there was "not sufficient evidence to give the officer a basis to stop the vehicle." We now reverse.

The evidence relied upon by both judges discloses that on April 17, 1995, around 12:20 a.m., the arresting officer was operating his radar from a stationary position in a 45 mile per hour business zone in Pennsville Township when he observed an automobile driven by defendant "weaving within his lane of travel." The radar clocked the automobile at 36 miles per hour. Given the slow speed and the weaving, the officer pulled out and followed defendant. During the next quarter to one-half mile, defendant maintained the slow speed and continued weaving. At one point, the right tires of defendant's automobile crossed over from the travel portion onto the shoulder portion of the roadway about a "tire's width." The officer activated his overhead lights. Defendant "continue[d] to ... either come to a slow stop or he continued to travel for a short period." The officer subsequently arrested defendant on a DWI charge.

The Superior Court judge concluded that weaving in the same lane of travel at a speed 9 miles per hour below the limit evidenced no violation of the law and, therefore, the officer had no reasonably objective basis to stop defendant's car. We disagree.

Police officers have a community caretaking function. That function has its source in the ubiquity of the automobile and the dynamic, differential situations police officers are confronted with to promote driver safety. *See United States v. Rodriguez–Morales*, 929 *F*.2d 780, 784–86 (1st Cir.1991), *cert. denied*, 502 *U.S.* 1030, 112 *S.Ct.* 868, 116 *L.Ed.*2d 774 (1992). It finds support in the premise that abnormal operation of a motor vehicle establishes a reasonably objective basis to justify a motor vehicle stop. *See State v. Martinez*, 260 *N.J.Super.* 75, 78, 615 *A.*2d 279 (App.Div. 1992). What is reasonably objective is measured by the dynamics or totality of the circumstances from the perspective of the officer on duty at the time and not from the esoteric perspective of the courtroom. *See United States v. Cortez*, 449 *U.S.* 411, 418, 101 *S.Ct.* 690, 695, 66 *L.Ed.*2d 621, 629 (1981). Applying the former perspective, we are satisfied the officer had a reasonably objective basis to stop defendant's automobile.

Fundamental logic dictates that an officer has a reasonably objective basis to stop a motor vehicle weaving down a roadway in the manner here. This is true whether or not the driver stays in his or her lane of travel. Even while maintaining one's lane of travel, a driver that weaves a car down a highway, as defendant did, engenders reasonable grounds to conclude that the vehicle is a potential safety hazard to other vehicles and that there is either something wrong with the driver, with the car, or both. *See Martinez, supra*, 260 *N.J.Super.* at 78, 615 *A.*2d 279. If on-duty police officers are to fulfill their responsibility to promote safety for the traveling public, intervention is mandated in such circumstances.

That defendant stayed in his lane of travel did not extinguish a community caretaking function. Driving in a manner that could lead to crossing the center line at an inopportune time, a time when another oncoming vehicle is about to pass, is a controlling consideration. Moreover, when the weaving is combined with the unconventionally slow speed, there is more than a reasonably

objective basis to conclude defendant's ability to drive was impaired, justifying the stop.

In sum, we conclude the manner of defendant's driving on the night in question provided the officer with a reasonably objective basis for stopping the car. Consequently, the order under appeal was improvidently entered.

Reversed.